UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ENTERED
OCT 1 2 2005
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 2:05-0096

CLIFFORD ODELL VANCE

MEMORANDUM ORDER

Pursuant to the evidence adduced on the defendant's motion to suppress at the hearing held on September 1, 2005, and the further evidence received at the hearing of October 11, 2005, consisting of two pages of handwritten notes of ATF Agent Rob Cunningham of an interview with the defendant on April 30, 2004, the court hereby makes the following findings of fact by a preponderance of the evidence, and the following conclusions of law.

On April 30, 2003, the defendant Clifford Vance was arrested on state charges of domestic battery and brandishing a firearm. At the time of his arrest, a Winchester model 1300 Turkey Federation 12-gauge shotgun was found in the truck he was then driving. The defendant was represented on the charges by appointed counsel, a state assistant public defender, David

Lockwood.  On June 4, 2003, the defendant pled guilty before a state magistrate to domestic battery for which he was fined.  The brandishing charge was dismissed that same day at which time the defendant's representation by David Lockwood terminated.

On April 30, 2004, ATF Agent Rob Cunningham and W.Va. State Trooper Anthony Perdue, aware of defendant's status as a convicted felon, came unannounced to the defendant's residence to interview him about his possession a year earlier of the Winchester 1300 shotgun, which is the same weapon described in Count One of the indictment in this case, and about vote buying in Lincoln County, West Virginia.  With Agent Cunningham driving the vehicle and Trooper Perdue as his passenger, they pulled onto the defendant's driveway up to his doorstep.  Agent Cunningham honked the horn and they were seen from inside the house by the defendant's granddaughter.  Someone came to the door and Agent Cunningham, who had his window rolled down, said they wanted to speak to the defendant.  The defendant came out.  After Agent Cunningham and the defendant talked briefly, the defendant voluntarily got into the vehicle behind the driver and they continued to talk.  Neither officer got out of the vehicle at any time.

The officers first proceeded to ask the defendant questions about his possession of the Winchester 1300 shotgun found in his truck when he was arrested April 30, 2003. The defendant said it had been purchased by Ms. Vance from one of his co-workers and that he had never shot it but had held it in his hands in order to inspect it. The officers then asked him about his role and that of Johnny Collins in relation to Greg Stowers with respect to vote buying in Lincoln County over the past 16 to 18 years. The defendant made the statements attributed to him in the memorandum of the interview with him prepared by Agent Cunningham who took notes of the interview as it was taking place.

The conversation lasted about ten minutes. The defendant, who had no attorney at the time, was not asked whether he had an attorney. The defendant was not in custody. He was not told he had the right to remain silent, was not given a Miranda warning and was not told he was free to leave at any time. When the defendant indicated he was uncomfortable with the officers being in his driveway and afraid he would be seen talking to the police, he asked if they could meet later. Agent Cunningham agreed that they would meet later. The defendant exited the vehicle and returned to his house. The officers left.

3

The court finds that the statements attributed to the defendant as set forth in Agent Cunningham's memorandum of interview with him on April 30, 2004, were voluntarily, knowingly and intelligently made by him to Agent Cunningham and Trooper Perdue and are admissible at trial. The motion to suppress is ORDERED denied as to those statements.

The government also contends that, based on information given to it by Sergeant LaFauci of the West Virginia State Police on August 29, 2005, the defendant while in custody made two other statements, both said to have been volunteered by him to Officer LaFauci, on the occasion of his arrest on April 30, 2003, to the following effect:

"May I self-report because it's turkey season," and

"You're not going to take my turkey gun, are you?"

Though government counsel has represented that Officer LaFauci would so testify, it has not produced his testimony but may do so at 9:00 a.m. on October 12, 2005.

4

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the defendant.

DATED: October 12, 2005

_____
United States District Judge